IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RODOLFO ZARAGOZA-LOPEZ,<br><br>Petitioner,<br><br><br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT<br><br><br><br><br><br>Civil Case No. 2:12-CV-470 TS<br><br>Criminal Case No. 2:11-CR-125 |

This matter is before the Court on Petitioner's Motion to Alter or Amend Judgment Under Fed.R.Civ.P. 59(e).

## I.  BACKGROUND

Petitioner Rodolfo Zaragoza-Lopez was named in a two-count Indictment on February 16, 2011, charging him with possession of methamphetamine with intent to distribute and aiding and abetting.  Petitioner pleaded guilty to Count I, possession with intent to distribute, on June 14, 2011.  On September 27, 2011, the Court sentenced Petitioner to 135 months in the custody of the Bureau of Prisons and judgment was entered on September 29, 2011.

1

Petitioner, through counsel, filed an appeal on October 10, 2011.  Petitioner later sought to dismiss his appeal, which request was granted on April 24, 2012.

Petitioner timely filed a § 2255 Motion on May 11, 2012.  In his § 2255 Motion, Petitioner raised a single claim of ineffective assistance of counsel, alleging that his counsel was ineffective for failing to investigate fingerprints and conduct a lab analysis of the methamphetamine.  On May 16, 2012, the Court denied Petitioner's § 2255 Motion, finding that it was barred by the collateral appeal waiver contained in Petitioner's plea agreement.  Petitioner now seeks to alter or amend that decision under Fed.R.Civ.P. 59(e).

## II.  DISCUSSION

The Tenth Circuit has provided the "steps to be followed by district courts in this circuit when they are presented with a Rule 60(b) motion in a habeas or § 2255 case."[1]  The Court must first determine whether the motion is a true Rule 60(b) motion or a second or successive petition.[2]  Rule 59(e) motions are subject to the same analysis.[3]

A Rule 59(e) "motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."[4]  "Conversely, it is a 'true' [59(e)] motion if it either (1) challenged only a procedural ruling of the habeas court which precluded a merits determination of the habeas application . . . or (2) challenges a defect in

---

[1] *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006).

[2] *Id*.

[3] *United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006).

[4] *Spitznas*, 464 F.3d at 1215.

the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition."[5]

The Tenth Circuit provides that "[i]f the district court concludes that the motion is a true Rule [59(e)] motion, it should rule on it as it would any other Rule [59(e)] motion.  If, however the district court concludes that the motion is actually a second or successive petition, it should refer the matter to [the Tenth Circuit] for authorization . . . ."[6]  "In the case of a 'mixed' motion—that is, a motion containing both true Rule [59(e)] allegations and second or successive habeas claims—the district court should (1) address the merits of the Rule [59(e)] allegations as it would the allegations in any other Rule [59(e)] motion, and (2) forward the second or successive claims to this court for authorization."[7]

The Court finds that Petitioner's Motion is largely a "true" motion, in that it challenges an alleged defect in the integrity of the federal habeas proceeding.  However, construing the Motion broadly, it could also be read as asserting a new claim for ineffective assistance that was not brought in the original § 2255 motion.  As a result, the Court will treat this Motion as a "mixed" motion.

As a mixed motion, the Court will first address the merits of the Motion under Rule 59(e).  "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error

---

[5]*Id*. at 1215-16.

[6]*Id*. at 1217.

[7]*Id*.

or prevent manifest injustice."[8]  "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[9]  "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[10]

That portion of Petitioner's Motion that is a "true" motion argues that the "court abused it's [sic] authority by responding [to Petitioner's original § 2255 motion] in an expedited manner."[11]  In essence, Petitioner argues that he was prejudiced by the fact that the Court quickly resolved his § 2255 motion and, had the Court waited, he could have amended his § 2255 motion to add a new claim for ineffective assistance of counsel related to the plea or his collateral appeal waiver.

The Court finds that Petitioner's Motion provides no basis for reconsideration.  Petitioner has provided nothing showing a change of law, new evidence, or the need to correct clear error or prevent manifest injustice.  Petitioner merely takes issue with the process used to resolve his § 2255 motion.  This argument is without merit.

Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the court to "promptly examine" the motion and "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not

---

[8]*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[9]*Id.*

[10]*Id.*

[11]Docket No. 4, at 1.

entitled to relief, the judge must dismiss the motion."  This is the precise procedure employed in

this matter.  The Court promptly examined the motion and, after review, dismissed the motion

because Petitioner was not entitled to relief.  Therefore, Petitioner's Motion on this ground fails.

Petitioner also argues that the Court should have "sua sponte detected Petitioner['s]

argument as being a challenge to the validity of []his plea, and collateral appeal waiver."[12]  A

review of Petitioner's original § 2255 motion reveals, however, no such claim.  Indeed, the

memorandum in support of the motion makes clear that "Petitioner's *sole* allegation of

ineffectiveness is that his attorney did not request a finger print, and methamphetamine

laboratory investigation to reveal if in fact Petitioner's finger print's [sic] and the

methamphetamine match of those of Petitioners [sic]."[13]  Thus, it would have been improper for

the Court to import such a claim into Petitioner's original § 2255 motion.

To the extent that Petitioner's Motion can be construed as asserting a new claim of

ineffective assistance of counsel relating to the plea or collateral appeal waiver, the Court must

treat it as a second or successive habeas petition.[14]  "Before a federal prisoner may file a second

or successive motion under § 2255, the prisoner must first obtain an order from the appropriate

court of appeals authorizing the district court to consider the motion."[15]  "A district court does

---

[12]*Id*. at 2.

[13]Docket No. 2, at 2 (emphasis added).

[14]*See Spitznas*, 464 F.3d at 1216 (identifying "a motion seeking to present a claim of constitutional error omitted from the movant's initial habeas petition" as an example of a 59(e) motion "that should be treated as a second or successive habeas petition").

[15]*In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008).

not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the appropriate court of appeals] has granted the required authorization."[16]  However, before transferring a second or successive motion under § 2255 to the appropriate court of appeals for authorization, the Court must consider whether it is in the interest of justice to do so.[17]

The Tenth Circuit has delineated factors a Court should consider when determining whether it is in the interest of justice to transfer a second or successive § 2255 motion.  These factors include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of the filing the court lacked the requisite jurisdiction.[18]

Considering these factors, the Court finds that it is not in the interest of justice to transfer Petitioner's Motion and, as a result, the Court will dismiss the remaining portion of Petitioner's Motion for lack of jurisdiction.

### III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion to Alter or Amend Judgment Under Fed.R.Civ.P. 59(e) (Docket No. 4) is DENIED.

---

[16]*Id*. at 1251.

[17]*See* 28 U.S.C. § 1631.

[18]*In re Cline*, 531 F.3d at 1251.

6

DATED   June 11, 2012.

BY THE COURT:

TED STEWART
United States District Judge